UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOSE RIVERA, JR., | ) | CASE NO. 1:09CR363 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| RESPONDENT. | ) | |

This matter comes before Court upon the motion of petitioner Jose Rivera, Jr. ("petitioner" or "Rivera") for a reduction of sentence. (Doc. No. 727 ["Mot."].) The government opposes the motion (Doc. No. 728 ["Opp'n"]), and petitioner has filed a reply. (Doc. No. 730 ["Reply"].) Petitioner has also filed a letter the Court has construed as a motion to amend his motion, in which petitioner seeks to supplement the record with documentation showing that petitioner has completed course work entitling him to a high school equivalency credential. (Doc. No. 734.) For the reasons that follow, petitioner's motion for a reduction is sentence is DENIED, and his motion to amend is DENIED as MOOT.

**I. BACKGROUND**

On November 18, 2009, petitioner entered a guilty plea, pursuant to a plea agreement, to Count 1 of the indictment charging defendant with conspiracy to possess with intent to distribute heroin, cocaine and crack cocaine, in violation of 21 U.S.C. § 846 and § 841(a)(1), (b)(1)(A). On February 5, 2010, the Court entered judgment, sentencing defendant to a term of imprisonment of 60 months, to be followed by 6 years of supervised release. (Doc. No. 495.)

After completing his term of imprisonment, petitioner violated the terms of his

supervised release. At a proceeding on June 25, 2014, petitioner admitted to the supervised release violation. On July 25, 2014, the Court revoked his supervised release, and sentenced petitioner to a term of imprisonment of 24 months on the supervised release violations. At sentencing, the Court further provided that the sentence on the supervised release violation was to run consecutive to a state court sentence, to be followed by three years of supervised release. (Doc. No. 686.) Petitioner is currently serving the sentence imposed upon his supervised release violation.

## II. ANALYSIS

Petitioner now asks the Court to resentence him pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendment 782 to the United States Sentencing Guidelines Manual ("U.S.S.G." or "sentencing guidelines"). Amendment 782, which became effective on November 1, 2014, revised the sentencing guidelines applicable to drug-trafficking offenses by reducing the offense levels assigned to the drug and chemical quantities described in guidelines 2D1.1 and 2D1.11.

Section 1B1.10, which sets forth the circumstances under which a sentence may be reduced based on the retroactive amendment concerning sentences imposed for convictions based on crack cocaine, does not apply to reduce sentences imposed for violations of supervised release. "Only a term of imprisonment imposed as part of the original sentence is authorized to be reduced under this section. This section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release." U.S.S.G. § 1B1.10 (App. Note 7(a)). Even though his original sentence was issued, in part, for possession of crack cocaine, defendant is currently serving a sentence for a supervised release violation and is, therefore, ineligible for any reduction. *See, e.g., United States v. Brown*, No. 1:00cr445-015, 2010 WL

538059, at *1 (N.D. Ohio Feb. 12, 2010) ("The language and intent of U.S.S.G. § 1B1.10 are clear. No reduction is warranted for a sentence imposed for a violation of supervised release, even if supervised release was originally imposed based on a crack cocaine conviction that would, itself, have been eligible for the reduction in sentence.") (collecting cases); *United States v. Johnson*, No. 3:07-1, 2010 WL 2604984, at *2 (M.D. Tenn. June 28, 2010) (similar); *United States v. Wooley*, No. 5:02cr255-33, 2008 WL 5397767 (N.D. Ohio Dec. 24, 2008) (similar); *see also United States v. Forman*, 553 F.3d 585, 589 (7th Cir. 2009) (relying on Application Note 7(A) to U.S.S.G. § 1B1.10 and rejecting argument that supervised release sentence was a mere extension of original drug sentence); *United States v. Fontenot*, 583 F.3d 743, 744 (10th Cir. 2009) ("Amendment 706 has no bearing on [petitioner's] current term of incarceration" for supervised release violation), *overruled on other grounds by United States v. Taylor*, 778 F.3d 667, 669 (7th Cir. 2015); *United States v. Williams*, 588 F. Supp. 2d 786, 788-89 (E.D. Mich. 2008) (sentencing guidelines amendment for drug offenses may not be employed to reduce term of supervised release).

### III. CONCLUSION

For the reasons set forth above, defendant's motion for a reduction in sentence is DENIED, and his motion to amend is DENIED as moot.

**IT IS SO ORDERED**.

Dated: July 5, 2016

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**